UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
U.S. EQUAL EMPLOYMENT : 
OPPORTUNITY COMMISSION, : CIVIL ACTION NO. 17-7273
 : ECF CASE
Plaintiff, :
 :
 : **COMPLAINT**
 :
v. : **JURY TRIAL DEMANDED**
 :
 :
AARONS, INC., :
 :
Defendant. :
------------------------------------------------------------x

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to individuals who were adversely affected by such practices ("Aggrieved Individuals"). Plaintiff, the U.S. Equal Employment Opportunity Commission, alleges that Defendant Aaron's, Inc. discriminated against Aggrieved Individuals employed at its Jamaica, Queens warehouse by subjecting them to a hostile work environment because of their race, black.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Aaron's, Inc., a Georgia corporation, has continuously been doing business in the State of New York, the County of Queens, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, James Gravely ("Gravely") filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On July 28, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant was in violation of Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On November 29, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least at least in or around late 2014, Defendant has engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, by subjecting Gravely and other Aggrieved Individuals at Defendant's Jamaica, Queens warehouse to a hostile work environment based on their race. These unlawful employment practices include, but are not limited to the following:

(a) Nia Quinones, the general manager of Defendant's Jamaica warehouse, frequently referred to black employees as "niggers." She often said, "I got plenty of resumes on my desk so I don't need any of you niggers" or words to that effect. And when black warehouse workers loaded their trucks for deliveries in the mornings she would call them "bitch-ass niggers" and threaten to fire them if they did not speed up.

(b) Mizzael Guerrero was another manager at Defendant's Jamaica warehouse. Guerrero referred to black employees as "nigger" on a daily basis. He also called black workers "monkeys," "stinky monkeys," and "lazy motherfuckers." He also frequently yelled, "suck my dick nigger" at black employees.

(c) Guerrero was in charge of assigning delivery routes to the delivery workers in the warehouse. He regularly assigned black workers longer routes with heavier items to deliver than

3

non-black delivery workers. As a result, black workers were forced to work longer and harder than non-black delivery workers.

(d) Defendant failed to take prompt and effective action to remedy the racial harassment, about which Defendant knew or should have known, either because of employee complaints to Defendant's managers or human resources hotline or because of the open and widespread nature of the harassment (or both). For example, Guerrero regularly used the above-noted language in front of Quinones and other managers, but they did nothing to correct it.

13. The effect of the practices complained of in paragraph 12 above has been to deprive the Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees, because of their race.

14 The unlawful employment practices complained of in paragraphs 12 above were and are intentional.

15. The unlawful employment practices complained of in paragraphs 12 above have been done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination or harassment on the basis of race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant to make Aggrieved whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial

  D. Order Defendant to make whole the Aggrieved Individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 12 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  E. Order Defendant to pay the Aggrieved Individuals punitive damages for its malicious and reckless conduct, as described in paragraph 12 above, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: December 13, 2017

New York, New York

              JAMES L. LEE
              Deputy General Counsel

              GWENDOLYN YOUNG REAMS
              Associate General Counsel

              U.S. EQUAL EMPLOYMENT
              OPPORTUNITY COMMISSION
              131 M Street, N.E.
              Washington D.C. 20507

JEFFREY BURSTEIN
Regional Attorney

JUSTIN MULAIRE
Supervisory Trial Attorney

s/ Sebastian Riccardi
SEBASTIAN RICCARDI
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (212) 336-3698
Sebastian.Riccardi@eeoc.gov

Katie Linehan
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
Klineha@eeoc.gov