FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 04 2019 ★
BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>JAMES GRAVELY,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>AARON'S, INC.,<br><br>Defendant. | CIVIL ACTION NO. 17-CV-7273 |

## CONSENT DECREE

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Aaron's, Inc. ("Defendant") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII") as amended, and Title I of the Civil Rights Act of 1991, by discriminating against a group of Aggrieved Individuals at Defendant's former Jamaica, Queens warehouse known as "C2020" by subjecting them to a hostile work environment because of their race. Plaintiff-Intervenor James Gravely intervened asserting claims for retaliation and hostile work environment claims under Title VII as well as under state and local law. Defendant filed an answer to the Complaint and to the Complaint-in-Intervention in which it denied that it engaged in unlawful discrimination, harassment, retaliation, or any other unlawful conduct.

Nothing in this Consent Decree is an admission by any of the parties of the claims or defenses of the other parties.

1

The EEOC, Intervenor, and Defendant have agreed that this action should be resolved by entry of this Consent Decree, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding on the parties, including Defendant's successors, assigns, and any other entity with which Defendant may merge or consolidate. The parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

## GENERAL PROVISIONS

1. This Decree is final and binding on the parties and resolves all claims asserted by the Complaint in this action and the underlying Charge No. 520-2016-01896. This Decree does not resolve any other charge of discrimination pending before the EEOC, or any charge that may be filed in the future.

2. The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met.

3. By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

4. Whenever Defendant is required to send documents, reports, forms, or other materials to the EEOC pursuant to this Decree, Defendant shall send such matters by electronic

mail to Sebastian Riccardi at sebastian.riccardi@eeoc.gov and "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov.

5. The provisions of this Decree shall apply to Defendant's facilities and employees located in the geographic regions of the Southern and Eastern Districts of New York, as well as any area or region where Nia Quinones or Mizzael Guerrero is regularly assigned to work or supervise ("Covered Territory"). Any reference to "employees" or "stores" in this Consent Decree shall apply only to stores or employees within the Covered Territory.

## INJUNCTIVE RELIEF

6. Defendant is enjoined from subjecting employees to a hostile work environment because of their race in violation of Title VII.

7. Defendant is enjoined from engaging in retaliation of any kind against any person because such person has complained or and/or opposed any practice prohibited by Title VII in connection with race or ethnicity, filed a charge of race discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing relating to race or ethnicity discrimination under Title VII, or asserted any rights under Title VII in connection with race or ethnicity or this Decree, or because such person was identified as a possible witness in connection with this matter.

8. Nia Quinones and Mizzael Guerrero will each have a notation made in their personnel file that they were the subject of a complaint of racial harassment.

## ADOPTION, POSTING, AND DISTRIBUTION OF POLICY PROHIBITING EMPLOYMENT DISCRIMINATION

9. During the Term of this Decree (see Paragraph 28), Defendant will maintain an antidiscrimination policy that prohibits discrimination on the basis of race, outlines a procedure for making complaints or reports of discrimination, and identifies the individuals with whom

3

complaints or reports should be filed (the "Antidiscrimination Policy"). Defendant agrees to modify its current antidiscrimination policy to include the following provisions to the extent not already provided for in such policy. The Antidiscrimination Policy shall, at a minimum, expressly prohibit all forms of discrimination and retaliation prohibited by Title VII, with specific emphasis on prohibiting harassment because of race, and inform employees that they are entitled to make complaints or reports of unlawful employment discrimination via multiple avenues, including to Defendant and to the EEOC. The Policy shall also encourage all employees to report discriminatory behavior irrespective of whether or not they are the victim of such discriminatory behavior. Nothing in this Paragraph represents an endorsement by the EEOC or by the Court that Defendant has been or is in compliance with federal anti-discrimination laws.

10. Defendant shall distribute a copy of the Antidiscrimination Policy to all current employees within fifteen (15) business days of the entry of this Decree, and thereafter shall provide a copy of the Antidiscrimination Policy to all subsequently hired employees within fifteen business days of the start of their employment. Defendant will redistribute the Policy to all employees annually from between fifteen (15) business days before to fifteen (15) business days after the anniversary date of the entry of this Decree.

11. Within fifteen (15) business days of the entry of this Decree, Defendant will post a copy of the Antidiscrimination Policy in locations visually accessible to and commonly frequented by Defendant's employees and in locations typically used by Defendant for posting notices directed to employees.

12. Within fifteen (15) business days of the entry of this Decree, Defendant will conspicuously display and maintain EEO posters in locations visually accessible to and commonly frequented by Defendant's employees and in locations typically used by Defendant

for posting notices directed to employees.

13. Within fifteen (15) business days of the entry of this Decree, Defendant will post the "Notice of Lawsuit and Settlement," attached as Exhibit A, in locations visually accessible to and commonly frequented by Defendant's employees and in locations typically used by Defendant for posting notices directed to employees.

## RECORDKEEPING AND REPORTING

14. During the Term of this Decree, Defendant shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report (oral or written, formal or informal, internal or external) by any employee of race discrimination or retaliation based on race prohibited by this Decree. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took; and (e) if the complaint or report was made in written form, a copy thereof.

15. Defendant shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree. Defendant shall permit a representative of the EEOC to enter Defendant's premises on one week's notice, during normal business hours, for purposes of inspecting any relevant documents or records in order to verify compliance with this Decree; provided, however, that the EEOC may enter Defendant's premises without advance notice, during normal business hours, for the purpose of verifying compliance with the notice posting requirements of Paragraphs 11–13.

16. Defendant shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the Term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

    (a) Copies of the records described in Paragraph 14, above, for the six (6) month period preceding the Semi-Annual Report or a certification by Defendant that no complaints or reports of race discrimination or retaliation were received during that period;

    (b) A certification by Defendant that the Notice required to be posted pursuant to Paragraph 13 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report; and

    (c) A list of all positions, including facility location, held by Nia Quinones and Mizzael Guerrero for the six (6) month period preceding the Semi-Annual Report.

## TRAINING

17. Within 90 days of the entry of this Consent Decree, and annually thereafter (see Paragraph 18), Defendant will provide all employees with live in-person training on federal laws prohibiting discrimination in employment, with special emphasis on laws prohibiting harassment and discrimination based on race, as well as training on Defendant's EEO Policies, complaint procedure, and such trainees' responsibilities thereunder. A member of senior management shall

introduce the training with a statement (which may be presented via a video recording) that states management's commitment to the goals of the training.

18. The second and subsequent annual trainings required under Paragraph 17 will occur between fifteen (15) business days before and fifteen (15) business days after the anniversary date of the prior training.

19. Defendant will provide all newly hired or promoted regional managers, area directors, and other employees involved in Human Resources, the training described by Paragraph 17 within thirty (30) days after starting the position, unless such employee received live training under this Decree during the preceding twelve (12) months.

20. The training required by Paragraphs 17–19 will include the following elements:

    (a) It will describe or portray real-world examples of conduct that is unacceptable in the workplace, including examples involving harassment based on categories protected by Title VII, with at least one specific example related to comments or treatment that would be offensive because of race;

    (b) It will be interactive, providing participants opportunities both to answer and ask questions about how to recognize and respond to potentially problematic behavior;

    (c) It will explain the avenues available for reporting incidents of harassment or discrimination, and affirm the individuals who make complaints or reports will not be subjected to any form of retaliation or reprisal; that all complaints and reports will receive timely notice of the investigation's findings and conclusions; that Defendant will take prompt and appropriate

corrective action to remedy harassment and discrimination in all its facilities; that Defendant will keep complaints and reports and the identities of employees who make them confidential to extent practicable; and

    (d)    It will encourage bystander reporting, that is, it will convey that all individuals in the workplace are encouraged (and, for supervisors and managers, required) to take action if they observe any problematic behavior, and it will explain how they can do so.

21.    Defendant shall obtain the EEOC's approval of its proposed trainer and the content the trainer proposes to present before the commencement of any training session required under Paragraphs 17–19, above. Defendant shall submit the name, address, telephone number, resume, and training proposal of its proposed trainer (including copies of all materials the trainer proposed to display, distribute, or otherwise present) to the EEOC at least twenty (20) business days prior to the proposed date of the first training session, and if the content changes, at least twenty (20) business days prior to the proposed date of the next training session with the changed content. The EEOC shall have fifteen (15) business days from the date it receives the information described above to accept or reject the proposed trainer and/or the content the trainer proposes to present. In the event the EEOC does not approve Defendant's proposed trainer and/or the content, Defendant shall have five (5) business days to identify an alternate trainer and/or revise the content its trainer proposes to present. The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer and/or content. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance.

22. Defendant will maintain attendance records identifying, in legible form, the name and job title of the attendees at each live training session and also containing the signature of each attendee, as well as copies of all training materials presented. Within fifteen (15) business days of each training session, Defendant will provide the EEOC a copy of the attendance records and all materials used during the training session.

23. Newly hired or promoted general managers who have not received live training pursuant to Paragraph 17 within the prior twelve (12) months will within thirty (30) days of such hire or promotion (i) watch a video recording of the prior live training, (ii) review a copy of this Consent Decree and acknowledge such review, and (iii) will have a discussion with a representative of Defendant's legal department regarding the terms and application of this Decree to their store.

24. Newly hired employees (other than general managers, regional managers, area directors, and other employees involved in Human Resources) will watch a video recording of the prior live training within thirty (30) days of such hire or promotion.

## MONETARY RELIEF

25. Defendant shall make payments totaling $425,000 ("Payments") to Plaintiff-Intervenor and the other individuals identified by the EEOC as Aggrieved Individuals in this litigation ("Aggrieved Individuals"). The portion of the Payments be paid to Intervenor and/or Intervenor's counsel is set forth in Exhibit B and will be paid in consideration for the Settlement Agreement and General Release separately entered into by Defendant and Intervenor. The remainder of the Payments shall be distributed to other Aggrieved Individuals in amounts to be determined by the EEOC within its sole discretion ("Amounts").

26. Within fifteen (15) business days after the later of (i) entry of this Decree or (ii)

the EEOC providing to Defendant all of the Amounts, Defendant shall issue and send by Certified Mail, a check to each Aggrieved Individual for the amount specified by the EEOC under Paragraph 25 as damages. Defendant shall contemporaneously send copies of each check to the EEOC. Defendant will also issue IRS Form 1099 to Intervenor and each Aggrieved Individual for the damages they receive pursuant to this Decree.

27. If any payment due to an Aggrieved Individual under this Decree is not made in full and mailed within the fifteen (15) business day period, then for each business day beyond the fifteenth business day that such portion ("Unpaid Amount") remains unpaid, Defendant shall pay the Aggrieved Individual, in the manner set forth above, an amount equal to the greater of $25.00 or 0.1% of the Unpaid Amount.

## TERM OF DECREE AND DISPUTE RESOLUTION

28. This Decree will remain in effect for four (4) years from the date of entry ("Term"), provided, however, that if, at the end of the Term of the Decree, any disputes about compliance with the Decree remain unresolved (see Paragraph 30 below), the Term of the Decree shall be automatically extended until such time as all such disputes have been resolved.

29. This case may be administratively closed but will not be dismissed. The Decree will expire by its own terms at the end of the Term, without further action by the parties or the Court, unless the duration of this Decree has been extended automatically pursuant to Paragraph 28 or by other order of the Court.

30. If during the Term of this Decree the EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged non-compliance and shall afford Defendant fifteen (15) business days to remedy the non-compliance or satisfy the EEOC that Defendant has complied. If Defendant has not remedied the alleged

non-compliance or satisfied the EEOC that it has complied within fifteen (15) business days, the EEOC may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

31. No party will contest the validity of this Consent Decree or that the Court has jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments and decrees as necessary to implement the relief provided herein for the duration of this Decree. A breach of any term of this Decree by Defendant shall be deemed a substantive breach of this Decree for which EEOC may bring an enforcement action.

## MISCELLANEOUS PROVISIONS

32. Each party shall bear its own expenses, attorneys' fees, and costs.

33. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of Defendant. At least twenty-one (21) days prior to any sale or other transfer of Defendant's business or sale or other transfer of all or a substantial portion of Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

34. When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant.

APPROVED IN FORM AND CONTENT:

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

_____
JEFFREY BURSTEIN
Regional Attorney

JUSTIN MULAIRE
Supervisory Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (212) 336-3744
justin.mulaire@eeoc.gov

KATIE LINEHAN
Trial Attorney
U.S. Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203-0506

SEBASTIAN RICCARDI
Trial Attorney
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004
sebastianriccardi@eeoc.gov

FOR PLAINTIFF-INTERVENOR JAMES GRAVELY

_____
Marijana Matura
Shulman Kessler LLP
534 Broadhollow Road, Suite 275
Melville, NY 11747
Tel: (631) 499-9100

**FOR DEFENDANT AARON'S, INC.,**

_____
AARON'S, Inc.
Rob O'Connell
SVP, Human Resources

_____
Gina R. Merrill
Anshel Joel Kaplan
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018
Tel: (212) 218-4648
Email: GMerrill@seyfarth.com
Email: AKaplan@seyfarth.com

SO ORDERED, ADJUDGED AND DECREED this 3rd day of June, 2019.

s/WFK
_____
United States District Judge

13